## PENN vs. POUMEIRAT.

APPEAL from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The defendant, being indebted to the plaintiff on a promisory note, on the 24th of April, gave him a draft, in New Orleans, on Lafosse of Attakapas, payable on the 1st of May following, for the express purpose of paying the note. On the 21st of May, the plaintiff presented the draft and agreed with the drawee to go to the bank of St. Martinsville on the 24th, where the drawee was to offer for discount a note, the proceeds of which were to be received by the plaintiff. Of this the drawee informed the drawer by letter, bearing date of the 23d. On the 6th of July, the plaintiff's attorney demanded payment of the defendant's note, and was answered it was settled by a draft on Lafosse. The attor-

Notice of protest is necessary to charge the drawer of a bill of exchange, altho' it may have been given in discharge of a precedent debt.

And that whether the parties are merchants or not.

A promise to pay the bill if duly protested, is not a promise to pay if it be afterwards protested.

ney, expressing his utter ignorance of this, agreed to write to his client, and the defendant promised to write to the drawee, declaring that if the draft was presented to him duly protested, he would have to pay it. On the first of August, the draft was protested, and on the 25th, the present suit was brought.

The petition is on the note, without mentioning the draft.

The answer avers that, on plaintiff's request, the defendant gave the draft, in payment of the note, that plaintiff neglected to protest it, and give him notice of its dishonor, and gave credit to the drawee.

The plaintiff in a replication denied his having received the note *in payment*, avers he duly presented it, gave notice of the dishonor—that afterwards the defendant promised to pay, if the draft was presented him duly protested—that the defendant had no funds in drawee's hands—that plaintiff was ever ready to return the draft. He annexed it with the protest.

The plaintiff called on the defendant, to state the contents of his letter to the drawee, on oath.

In this letter the defendant reminds the drawee of his letter of May 23d, in which he

mentions the presentation of the draft, and
the agreement to go to St. Martinsville, as above stated. He mentions the possibility of
all his funds in the drawee's controul not being received, and the saleability of his goods in the drawee's hands, these being all cash articles, and being mostly all sold in the preceeding December—the certainty of his having sufficient funds to pay the draft, and his engagement to honor it.

There was judgment for the plaintiff and the defendant appealed.

The district court was correct in concluding that the draft produced no novation, as there is no evidence of the allegation, that it was received *in payment*.

The plaintiff however in receiving it, took the obligation of protesting it, and giving notice, in case of its dishonour.

It does not appear however, that *he* or any body for him, gave *notice* to the drawer.

It is true the latter had *knowledge* by a letter of the drawee, that the draft had been presented and was not paid—but that the holder had made an agreement about a mode of paying it.

This, far from putting him on his guard, was calculated, while the plaintiff was silent, to

544

East'nDistrict.
*June*, 1824.

PENN
*vs.*
POUMEIRAT.

cause a belief that a resort to him, was not to be feared.

The defendant's declaration that he would have to pay the draft, if it was duly protested, is offered as a promise to pay it, if it was duly protested and presented We consider it only as an expression of an opinion, that he was, at the time he spoke, liable to pay, if it was duly protested. He expressed his idea of his liability, rather than a promise.

The letter, the contents of which he was called upon to disclose on oath, would be evidence against him, that he had funds in the drawee's hands. It must be so for him.

No evidence of any *notice* from the plaintiff of the dishonour of the bill, besides the filing of the protest in October, upwards of *five months* after the day of payment, appears to have reached the defendant. We think he did not use that diligence, which he became bound to do, by his receipt of the draft.

His counsel urges the parties were not merchants, and the mercantile law must not be considered as a rule of action for these.—Among commercial men and others, he who receives an order for the payment of a sum of money, must warn the person from whom he

received it of its dishonor, that the latter may take the necessary means to withdraw funds, which the holder refuses to apply, according to his directions.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant with costs in both courts.

*Pierce* for the plaintiff, *Young* for the defendant.